UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JOE QUINLAN,

    Plaintiff,

v.

CITY OF SEATTLE; and
UNKNOWN SEATTLE POLICE
DEPARTMENT OFFICERS,

    Defendants.

C22-445 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, docket no. 8, which suggests that "the *second amended* complaint should be dismissed without prejudice." R&R at 2 (docket no. 8) (emphasis added). Plaintiff has not, however, ever amended his original complaint, which pleads two claims relating to the impoundment of his recreational vehicle ("RV") or motor home, in which his family was living at the time, causing them to become homeless. *See* Compl. (docket no. 1-1). On May 3, 2022, the magistrate judge concluded that plaintiff's complaint was deficient, refused to allow him to proceed in forma pauperis ("IFP"), and directed him to show cause by June 10,

ORDER - 1

2022, why this case should not be dismissed. Order (docket no. 5). The magistrate judge interpreted plaintiff's complaint as having been brought against the Seattle Police Department ("SPD"), which is not an entity capable of being sued. <u>Id.</u> at 4. The Complaint, however, appears to name unknown SPD officers, not SPD itself, and the Court construes plaintiff's first claim as brought under 42 U.S.C. § 1983 against the SPD "parking enforcement officer" who, on or about March 10, 2020, "posted a 72-hour notice" on plaintiff's RV and the SPD officer who arranged for the motor home to be impounded less than 72 hours later. The Court does not agree that the only party sued was the City of Seattle, and that plaintiff was therefore required to plead a basis for liability under <u>Monell v. N.Y.C. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), and its progeny. Moreover, the Court is not persuaded that plaintiff failed "to allege a factual basis upon which any individual defendant could be liable." Order at 3 (docket no. 5). Plaintiff asserts that "[b]efore the 72 hours past [sic] a . . . Seattle Police officer had a Seattle city contract tow company impound [his] motor home." Compl. at 5 (docket no. 1-1). Nevertheless, plaintiff cannot proceed on his § 1983 claim because it is improperly pleaded under the Eighth Amendment, rather than the due process clause of the Fourteenth Amendment.

On June 24, 2022, plaintiff was sentenced in King County Superior Court for felonies that occurred months after his motor home was impounded, and he was transferred from King County Jail to the Washington Corrections Center in Shelton. <u>See</u> Notice of Change of Address (docket no. 9); <u>State v. Quinlan</u>, King County Superior Court Case No. 20-1-06773-0 KNT. Given the timing of plaintiff's commitment to the

ORDER - 2

custody of the Department of Corrections, the Court cannot be certain that plaintiff received the service copy of the R&R, which was issued on June 16, 2022, or that he has had an opportunity to file any objections to the R&R. The Court therefore ORDERS as follows:

    (1)    The R&R is DEFERRED and RENOTED to September 30, 2022.

    (2)    On or before the new noting date, plaintiff may file either objections to the R&R or a proposed amended complaint or both. In the absence of any response from plaintiff, the Court will dismiss this case without prejudice for failure to prosecute.

    (3)    The Clerk is directed to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Fricke.

IT IS SO ORDERED.

Dated this 26th day of July, 2022.

                                                        Thomas S. Zilly
                                                        United States District Judge

ORDER - 3