UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Terrance Joe Quinlan,<br><br>                    Plaintiff,<br>       v.<br><br>City of Seattle, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-445-TSZ-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for January 12, 2024 |

This matter is before the Court on City of Seattle's (the "City") filing of a motion for summary judgment and Plaintiff's motion to amend. Dkt. 30, 36.

Plaintiff has brought suit under 42 U.S.C. § 1983 against the City for issuing an excessive fine in impounding his vehicle, violating the Fourth Amendment in towing his vehicle without a warrant, and depriving him of his vehicle without due process of the law. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court GRANT the City's motion and dismiss Plaintiff's complaint. The Court further recommends denying Plaintiff's motion to amend his complaint.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff is an inmate at the Washington State Penitentiary in Walla Walla, Washington and is proceeding *pro se* in the instant matter. Plaintiff was granted *in forma pauperis* status on October 21, 2022. Dkt. 16.

REPORT AND RECOMMENDATION - 1

On March 6, 2020, a Seattle Police Department officer placed a 72-hour notice on Plaintiff's RV. *See* Dkt. 31 (Declaration of Dallas LePierre) at Exhibit 1. On March 10, 2020, the police officer returned to the same location and found that the RV was still parked in the same spot. *See id.* at Exhibit 2. The officer issued a citation for violation of SMC 11.72.440 ("Parking Enforcement; Seventy-Two hours") and requested a tow. Lincoln Towing responded to the officer's request and removed the vehicle. *See id.* The vehicle was impounded. *See id.*

## DISCUSSION

### I. Defendant's Summary Judgment Motion

#### A. Summary Judgment Standard

Summary judgment is supported "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP) 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their]

REPORT AND RECOMMENDATION - 2

favor." *Id.,* at 255. Yet the Court is not allowed to weigh evidence or decide credibility. *Anderson v. Liberty Lobby, Inc.*, at 255. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993). The court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

B.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

C.  *Monell* Liability

Plaintiff, in his complaint, named "unknown police officers" and the City of Seattle as defendants. Plaintiff has not timely identified the unknown police officers[1]; therefore, they should be dismissed under FRCP 4(m).

The Court considers Plaintiff's claims against the City on summary judgment under principles of municipal liability. Local government entities such as counties can be sued directly under § 1983 for monetary or equitable relief where it is alleged that the entity's official or unofficial policy, custom, usage, or practice that is the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978). A plaintiff can show that this *Monell* liability attaches to municipal entities where constitutional injuries are a result of the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy or custom ...." *Id.* at 694. Plaintiff cannot, therefore, hold a municipality "liable for the unconstitutional acts of its employees solely on a respondeat superior theory." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232-33 (9th Cir. 2011).

To grant summary judgment on *Monell* claims, there must be no dispute of material fact as to any of the following elements: (1) an official violated Plaintiff's constitutional rights; (2) the violation is part of a policy or custom; and (3) there is a causal nexus between the policy or custom and Plaintiff's alleged constitutional injury.

---

[1] Plaintiff filed a motion to amend the complaint, after the defendants filed their motion for summary judgment, and in the motion to amend, he asserts that he received, during discovery, the names of the officers.

REPORT AND RECOMMENDATION - 4

1  *Monell*, 463 U.S. at 690-92. If a plaintiff fails to raise a factual or legal dispute regarding
2  the existence of an underlying constitutional violation, then summary judgment must be
3  granted on *Monell* claims. *See Patel v. Maricopa Cty.*, 585 F. App'x 452 (9th Cir. 2014)
4  (affirming order granting summary judgment in favor of defendants on plaintiff's *Monell*
5  claims where plaintiff did not show an underlying constitutional violation).
6       D.  Plaintiff's Excessive Fines Claim under the Eighth Amendment
7       Plaintiff claims the City violated the Eighth Amendment when he was charged a
8  fee after his vehicle was towed by Lincoln Towing at the direction of the City for violating
9  the City's 72-hour parking code. *See* Dkt. 17 at 5.
10      The excessive-fines clause of the Eighth Amendment is not restricted to criminal
11 convictions and applies to the states through the Fourteenth Amendment. *Pimentel v.*
12 *City of Los Angeles*, 974 F.3d 917, 922 (9th Cir. 2020). That clause "limits the
13 government's power to extract payments, whether in cash or kind, as punishment."
14 *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Austin v. United States*,
15 509 U.S. 602, 609–10 (1993)). For purposes of this clause, a fine is defined as a
16 "payment to a sovereign as punishment for some offense." *Austin*, 509 U.S. at 622.
17      Here, it was a private company, i.e., Lincoln Towing, that towed and stored
18 Plaintiff's vehicle from the street. Plaintiff did not specify how much he was expected to
19 pay Lincoln Towing to retrieve his vehicle or if he eventually did retrieve his vehicle. On
20 its own motion, the Court takes judicial notice of the "Max Towing Fees: Police
21 Authorized Impounds" page of the Seattle Customer Service Bureau website ([Max
22 Towing Fees: Police-Authorized Impounds - Your rights as a customer | seattle.gov](#)).
23 *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (publicly

available websites are properly subject to judicial notice). The website states that the "City of Seattle contracts with Lincoln Towing to provide services for police-authorized impounds" *and* in order for an individual to retrieve their car, "towing and storage fees *must be paid to the towing company* at the time of the vehicle retrieval." (emphasis added).

The Supreme Court's definition of a fine for Eighth Amendment purposes contemplates "payment to a sovereign" only, and there was none here[2]. *Austin*, 509 U.S. at 622. Lincoln Towing would have been the recipient of any storage fees. Because Plaintiff cannot establish that the tow and impound fees violated the excessive-fines clause, the City should be entitled to summary judgment on this claim.

E.  Plaintiff's Due Process Claim under the Fourteenth Amendment

Plaintiff further alleges that the City violated his Fourteenth Amendment right when it towed his vehicle before the 72-hour notice period expired.

Due process requires that the government follow procedures before depriving an individual of property interests. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To determine what procedures are required, courts balance (1) the private interest; (2) the risk of erroneous deprivation of this interest through the process used, including an assessment of the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the financial and administrative burdens of

---

[2] To the extent the Court contemplates the $35 that the City charges in administrative fees, this Court has acknowledged that costs associated with impoundment reflect the costs associated with towing and storage and are not necessarily excessive. Plaintiff has not shown that the $35 that would be paid to the City would be grossly disproportionate. *See Potter v. City of Lacey,* No. 3:20-CV-05925-RJB, 2021 WL 915138, at *1 (W.D. Wash. Mar. 10, 2021) (finding that neither a parking fine of $35 nor potential impoundment violated the Excessive Fines Clause).

REPORT AND RECOMMENDATION - 6

different procedural requirements. *Mathews*, 424 U.S. at 334; *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982). By weighing these concerns, courts determine whether a state has satisfied due process—"the opportunity to be heard at a meaningful time and at in a meaningful manner." *Mathews*, 424 U.S. at 333 (internal quotations omitted).

As demonstrated by the City, Plaintiff's vehicle was towed more than 72-hours after the notice period expired. *See* Dkt. 31 (Declaration of Dallas LePierre) at Exhibit 2.

Plaintiff has not provided evidence to show otherwise. He states only that he attempted to challenge the impoundment by writing a letter to the Seattle Municipal Court, but Plaintiff did not state when he wrote the letter or whether he requested a hearing. *See* SMC 11.30.120(D). "At the summary judgment stage, a party no longer can rely on allegations alone, however plausible they may be," *Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 768 (9th Cir. 2011) (citation omitted), because "allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Plaintiff has not shown that there was an underlying constitutional violation; therefore, summary judgment should be GRANTED as to Plaintiff's Due Process Claim under the Fourteenth Amendment.

F. Plaintiff's Warrantless Seizure Claim under the Fourth Amendment

Plaintiff also alleges his vehicle was seized without a valid warrant.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "A seizure is a 'meaningful interference with an individual's possessory interests in [his] property.'" *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir.

2017) (quoting *Soldal v. Cook County*, 506 U.S. 56, 61 (1992)). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). A seizure conducted without a warrant is "*per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993) (internal quotation marks and citations omitted); *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). "The burden is on the Government to persuade the district court that a seizure comes 'under one of a few specifically established exceptions to the warrant requirement.' " *Hawkins*, 249 F.3d at 872 (citation omitted).

One of those exceptions recognized in the context of vehicle impoundment is the "community caretaker doctrine." which allows the police to "impound where necessary to ensure that the location or operation of vehicles does not jeopardize the public safety." *Miranda*, 429 F.3d at 860; *see also United States v. Caseres*, 533 F.3d 1064, 1074 (9th Cir. 2008) (holding that a "a vehicle can be impounded under § 22651(h)(1) only if impoundment serves some 'community caretaking function.' ").

"In their 'community caretaking' function, police officers may impound vehicles that 'jeopardize public safety and the efficient movement of vehicular traffic.' " *Miranda*, 429 F.3d at 864 (quoting *S. Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976)). "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." *Id.*; *see also United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005) ("Once the arrest was made,

1  the doctrine allowed law enforcement officers to seize and remove any vehicle which
2  may impede traffic, threaten public safety, or be subject to vandalism."); *Brewster*, 859
3  F.3d at 1196 (holding that the community caretaking exception "is available only to
4  'impound vehicles that jeopardize public safety and the efficient movement of vehicular
5  traffic' ") (citation omitted).
6      "An impoundment may be proper under the community caretaking doctrine if the
7  driver's violation of a vehicle regulation prevents the driver from lawfully operating the
8  vehicle, and also if it is necessary to remove the vehicle from an exposed or public
9  location." *Miranda*, 429 F.3d at 865. "The violation of a traffic regulation justifies
10 impoundment of a vehicle if the driver is unable to remove the vehicle from a public
11 location without continuing its illegal operation." *Id.*
12     Here, before Plaintiff's vehicle was impounded, the City placed a 72-hour notice
13 on Plaintiff's vehicle to give him the opportunity to move it. Only after this 72-hour notice
14 period did the City remove Plaintiff's vehicle in accordance with SMC 11.72.440.
15 Further, Plaintiff's vehicle was located on a public street in Seattle--a location that could
16 impede traffic, threaten public safety, or be subject to vandalism. The City exercised its
17 discretion to impound the vehicle after the 72-hour notice, for public safety reasons. The
18 City's initial seizure of Plaintiff's vehicle was not a violation of the Fourth Amendment
19 and Defendant's motion for summary judgment on Plaintiff's Fourth Amendment claim
20 should be GRANTED.
21     G.  Plaintiff's Newly Raised Unlawful Search Claim
22     Plaintiff, for the first time in his response to Defendant's summary judgment brief,
23 claims that his vehicle was searched without a warrant on August 7, 2019. Dkt. 37. This
24
25

was not pled in Plaintiff's complaint (Dkt. 17). It is improper to raise new claims in response to a summary judgment motion. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058,1080 (9th Cir. 2008) (where allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court")). The newly identified police officers' search of Plaintiff's vehicle in 2019 is not an issue presented in this case. Therefore, the Court should not consider Plaintiff's new claim at this stage.

## II. Plaintiff's Motion to Amend His Complaint

Plaintiff, more than a month after the deadline for dispositive motions, and after the filing of Defendant's motion for summary judgment, filed a motion to amend his complaint on September 23, 2023. Dkt. 36. Plaintiff states that he now has the name of the police officers involved in his alleged constitutional violations. He attached, with his motion, the City's answer to Plaintiff's interrogatory, which was related to the search of his motorhome that occurred in 2019. This was dated July 26, 2023.

To the extent his motion to amend is related to events that occurred in 2019 and he seeks to add a new claim, Plaintiff's motion should be denied on the grounds of not complying with Local Civil Rule (LCR) 15, which states that the party moving to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion" and "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Plaintiff has not complied with this rule.

Further, discovery in this matter closed on July 14, 2023. Dkt. 24. Dispositive motions were due on August 14, 2023. *See id.* Plaintiff requested additional time to

REPORT AND RECOMMENDATION - 10

respond to Defendant's summary judgment motion (Dkt. 35); he did not request additional time to file a motion to amend, or to conduct discovery and extend the discovery deadline. He further did not provide the Court with an explanation as to why Plaintiff waited an additional two months after the end of discovery to file his motion to amend. Therefore, his motion to amend is untimely and should be denied.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether Plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

While the Court was not persuaded on the merits of Plaintiff's claim, there is no evidence that his appeal is frivolous or is taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should continue on appeal.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court GRANT the City's motion for summary judgment and dismiss Plaintiff's complaint with prejudice with respect to the City and without prejudice with respect to the "unknown police officers" named in Plaintiff's complaint. Plaintiff's motion to amend (Dkt. 36) should be DENIED as untimely, and for failing to follow LCR 15. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 11

1  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can
2  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474
3  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations
4  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
5  directed to set the matter for consideration on January 12, 2024, as noted in the
6  caption."

Dated this 22nd day of December, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge