UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE; and UNKNOWN SEATTLE POLICE DEPARTMENT OFFICERS,<br><br>Defendants. | C22-0445 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, docket no. 45, to which plaintiff Terrance Joe Quinlan filed objections on January 5, 2024, docket no. 46.  Having reviewed the R&R and plaintiff's objections, the Court ORDERS as follows:

(1) The R&R, docket no. 45, is ADOPTED in part and MODIFIED in part.

(2) Plaintiff's constitutional tort claims, brought pursuant to 42 U.S.C. § 1983, concern the impoundment of his recreational vehicle ("RV").  The Court ADOPTS the R&R's conclusions that (i) plaintiff's Eighth Amendment claim lacks merit because the impoundment fees at issue were owed to a private company (Lincoln Towing), and not to a governmental entity, (ii) plaintiff's Fourteenth Amendment (due process) claim lacks merit because the RV was towed more than 72 hours after the requisite notice had been

ORDER - 1

placed on the RV, and (iii) plaintiff's Fourth Amendment claim lacks merit because the impoundment constituted a valid warrantless seizure pursuant to the community caretaker doctrine.

(3)    In his objections to the R&R, plaintiff asserts that he was in the custody of the Washington State Department of Corrections ("DOC") when his RV was impounded and that he never received notice about the impound. Plaintiff provides no evidence that he was in DOC custody when the RV was impounded in March 2020. Rather, the Seattle Police Department ("SPD") Case Investigation Report ("Report") attached to plaintiff's objections indicates that he was not incarcerated at the time the RV was impounded. According to the SPD Report, on August 7, 2019, an SPD patrol officer spotted plaintiff "working on" the RV near the intersection of Boren Ave. S. and S. Main St. and arrested him pursuant to a DOC warrant. SPD Report (docket no. 46 at 14). Inside the RV, SPD officers located Leah Roberts, with whom plaintiff was prohibited by court order from having contact. *Id.* In October 2019, plaintiff pleaded guilty to violating a no-contact order and received a sentence of 364 days with 184 days suspended. See *id.* (docket no. 46 at 17); *see also* King County Superior Court Case No. 19-1-04566-0 (available at https://dja-prd-ecexap1.kingcounty.gov). The materials supplied by plaintiff indicate that he was in King County (not DOC) custody from the date of his arrest in August 2019 until, at the latest, early February 2020, when he would have completed the 180-day term imposed for the gross misdemeanor of which he was convicted. *See* SPD Report (docket no. 46 at 17). When impounded on March 10, 2020, the RV was in the 1200 block of S. Main St. *see* Ex. 2 to LePierre Decl. (docket no. 31-2), a different location than when

ORDER - 2

plaintiff was arrested in August 2019, which suggests that plaintiff or someone else (likely Roberts) had access to, and would have seen SPD's notice on, the RV.  Plaintiff was not estranged from Roberts in March 2020,[1] and his assertion that he had no prior warning (either directly or indirectly via Roberts) that the RV would be towed is not supported by the record.

(4) The Court also ADOPTS the R&R's reasoning that plaintiff improperly alleged, in response to defendants' motion for summary judgment, a new theory that his RV was subjected to a warrantless search in violation of the Fourth Amendment.  The Court further observes that plaintiff's new Fourth Amendment theory lacks merit.  As plaintiff has himself conceded, "individuals on probation have a reduced expectation of privacy," and a DOC "officer may search these individuals based on a reasonable suspicion of a probation violation rather than a warrant."  See Quinlan, 2023 WL 8370159, at *6 n.3.  As indicated in defendant City of Seattle's interrogatory response, the warrantless search of plaintiff's RV was performed by DOC, see Ex. 1 to Quinlan Decl. (docket no. 36 at 9), and plaintiff makes no showing that, at the time, DOC lacked the requisite reasonable suspicion of a probation violation.

(5) The Court ADOPTS the R&R's recommendation to deny plaintiff's motion to amend (to identify by name SPD personnel sued as "unknown police officers" or Doe

---

[1] Roberts was with plaintiff when he later committed the offenses for which he is now in DOC custody, i.e., first degree assault, two counts of unlawful firearm possession, and felony violation of a no-contact order, all relating to events occurring on October 1, 2020.  See State v. Quinlan, No. 84239-1-I, 2023 WL 8370159 (Wash. Ct. App. Dec. 4, 2023).  On that day, while in the company of Roberts, plaintiff fired a handgun at a vehicle with two occupants, missing one of them, but grazing the other in the neck.  Id. at *1–2.

ORDER - 3

defendants) based on the untimeliness of his request and his failure to attach a proposed amended pleading.  The R&R is, however, MODIFIED with respect to the conclusion that dismissal of plaintiff's claims against the Doe defendants should be without prejudice.  Because plaintiff's § 1983 claims lack merit, amendment to join particular SPD officers would be futile, and plaintiff will not be permitted to further pursue against such individuals his claims concerning the impoundment of his RV.

(6) For the foregoing reasons, plaintiff's motion, docket no. 36, for leave to amend his complaint, is DENIED, defendants' motion for summary judgment, docket no. 30, is GRANTED, and plaintiff's § 1983 claims and his operative pleading are DISMISSED with prejudice as to City of Seattle and the "unknown" SPD officers at issue.

(7) The R&R is also MODIFIED as follows.  The R&R proposes to allow plaintiff to maintain his *in forma pauperis* ("IFP") status on appeal.  The Court does not agree with the R&R that an appeal could not be certified as frivolous.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  Moreover, the Court takes judicial notice of the fact that plaintiff has three IFP "strikes," and must now establish "imminent danger of serious physical injury" to be permitted to pursue an appeal without prepayment of fees or security therefor.  28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

ORDER - 4

1  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
2  granted, unless the prisoner is under imminent danger of serious physical injury."); see
3  <u>Quinlan v. King County</u>, No. C22-902-RAJ, 2022 WL 16722384 (W.D. Wash. Nov. 3,
4  2022) (dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B) – third strike); <u>Quinlan</u>
5  <u>v. Dep't of Corr.</u>, No. C22-75 BJR-TLF, 2022 WL 2073054 (W.D. Wash. June 9, 2022)
6  (second strike); <u>Quinlan v. Maleng</u>, No. 2:21-CV-1146-RSL-DWC, 2021 WL 6062640
7  (W.D. Wash. Dec. 22, 2021) (first strike); see also <u>Quinlan v. King County</u>, No. 2:22-cv-
8  1718-TL-SKV, 2023 WL 316286 (W.D. Wash. Jan. 19, 2023) (concluding that plaintiff
9  has three "strikes" and requiring him to pay the filing fee for a civil action). No showing
10 has been made that, in connection with his challenge to the impoundment of his RV,
11 plaintiff is "under imminent danger of serious physical injury," and the Court therefore
12 TERMINATES plaintiff's IFP status.
13         (8)    The Clerk is DIRECTED to enter judgment consistent with this Order and
14 to send a copy of the Judgment and this Order to all counsel of record, to plaintiff pro se,
15 and to Magistrate Judge Fricke.
16         IT IS SO ORDERED.
17         Dated this 21st day of February, 2024.

*[signature]*

Thomas S. Zilly
United States District Judge

ORDER - 5