1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

TERRANCE JOE QUINLAN,

8

Plaintiff,

9

v.

C22-0445 TSZ

10

CITY OF SEATTLE; and UNKNOWN
SEATTLE POLICE DEPARTMENT
OFFICERS,

MINUTE ORDER

11

12

Defendants.

13

14

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

15

(1)     Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59, which is
treated as a motion for reconsideration, docket no. 49, is DENIED, as follows:

16

17

18

(a)     Plaintiff's request to add certain employees of the Washington State
Department of Corrections ("DOC") as defendants is DENIED.  If plaintiff wishes
to pursue claims concerning the conditions of his confinement, he must commence
a new action and pay the requisite filing fee.

19

20

21

22

(b)     Plaintiff's contention that the City of Seattle violated his Fourth and
Fourteenth (due process) Amendment rights by failing to notify him about the
impoundment of his recreational vehicle ("RV") lacks merit.  The entity tasked
with providing such notice is the tow contractor, and not the City of Seattle or its
police personnel.  _See_ SMC 11.30.100(A) ("Not more than twenty-four (24) hours
after impoundment of any vehicle, the tow contractor shall mail a notice by first
class mail to the last known and legal owners of the vehicles . . . .  The notice shall

23

MINUTE ORDER - 1

contain the full particulars of the impoundment, redemption, and opportunity for hearing to contest the propriety of the impoundment . . . .").

(c)     Plaintiff's evidence indicating that he was in DOC custody at the time his RV was impounded is untimely and does not constitute a basis for altering the judgment in this matter.  The Declaration of Patty Willoughby, a paralegal employed in the Office of the Washington State Attorney General, which is dated December 19, 2023, and which was filed in support of plaintiff's Rule 59 motion, docket no. 49, predates (i) the Report and Recommendation ("R&R") issued on December 22, 2023, docket no. 45, (ii) plaintiff's objections to the R&R docketed on January 5, 2024, docket no. 46, and (iii) the Court's adoption of the R&R by Order dated February 21, 2024, docket no. 47.  Plaintiff does not show why he could not have brought the Willoughby declaration and attachment thereto to the Court's attention earlier through the exercise of reasonable diligence.  _See_ Local Civil Rule 7(h).  Moreover, even assuming that plaintiff was incarcerated during the period in March 2020 when the 72-hour impound notice was placed on his RV and the vehicle was towed, plaintiff has not demonstrated how the City of Seattle could be held liable pursuant to _Monell v. Dep't of Soc. Servs. of N.Y.C._, 436 U.S. 658 (1978).  Plaintiff does not show that the alleged constitutional violation resulted from a policy or longstanding practice or custom, an unconstitutional action by an official with policy-making authority, ratification by a policymaker of a subordinate's unconstitutional conduct, and/or a failure to train that amounts to "deliberate indifference" concerning the constitutional right at issue.  _See_, _e.g._, _Menotti v. City of Seattle_, 409 F.3d 1113, 1147 (9th Cir. 2005); _see also City of Canton v. Harris_, 489 U.S. 378 (1989).  The Seattle police officers involved followed the procedures set forth in the Seattle Municipal Code, and plaintiff's suggestion that he is entitled to relief under 42 U.S.C. § 1983 because the officers should have done more to find and notify him about the impoundment would be precluded by qualified immunity jurisprudence.  _See Hope v. Pelzer_, 536 U.S. 730, 739 (2002) (an individual defendant is entitled to qualified immunity if the constitutional right allegedly violated was not "clearly established" at the time of the events at issue).

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record and to plaintiff pro se.

Dated this 27th day of March, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2